## Same Case on a Re-hearing.

Merrick, C. J. (Voorhies, J., and Buchanan, J., dissenting.) A majority of the court are of the opinion that, inasmuch as the tutor of the minor had not, previously to the sale, caused himself to be authorized to purchase by the advice of a family meeting, the administratrix of the succession was not bound to delay the proceedings until it should be ascertained whether a family meeting would ratify the unauthorized purchase made by him or not.

We are, further, of the opinion, that whatever may be the law as to purchases made at the sales of surrendered effects or property of successions by the mortgagee, who holds a special mortgage upon the immovable or slave which he buys, that the person who holds an unliquidated demand secured by a tacit mortgage has no right to withhold the price and delay the completion of the adjudication of property of a succession purchased by him at a probate sale, for the purpose of liquidating his claim against the succession by the judgment of a court, and in order to retain it out of the price. Nor are we prepared to say (neither is it important to decide the question) that the holder of such liquidated tacit mortgage would have the right to retain in his hands the proceeds of property bought by him at a probate sale, until there should be a classification of the mortgage and privilege claims against the succession.

We are, therefore, of the opinion that the administratrix in this case had the right, after complying with the formalities required by Article 2589 of the Civil

Code, to reoffer the property for sale, and that the purchase made by *Dr. P
R. Puissan,* at the second sale, ought to be maintained.

It is, therefore, ordered, adjudged and decreed by the court that the judg-
ment heretofore pronounced by this court in this case be set aside and annulled,
and that the judgment of the lower court be affirmed, with costs.